UNITIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| LEONARD MCGEE<br>700 WEST US HIGHWAY 40 LOT 14<br>ODESSA, MISSOURI 64076<br><br>        Plaintiff,<br><br>vs.<br><br>PILOT TRAVEL CENTERS, LLC<br>**SERVE AT:**<br>Registered Agent:<br>C T Corporation System<br>120 South Central Avenue<br>Clayton, Missouri, 63105<br><br>        Defendant. | Case No. 4:22-cv-00098<br><br>Division No. _____ |

## COMPLAINT

COMES NOW Plaintiff LEONARD MCGEE, by and through his attorney of record, and for his cause of action against Defendant Pilot Travel Centers, LLC., states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. That Plaintiff Leonard McGee is a resident of Lafayette County, Missouri, residing at 700 West US Highway 40, Lot 14, Odessa, Missouri 64076.

2. That Defendant Pilot Travel Centers, LLC., [hereinafter Defendant Pilot] is a foreign Limited Liability Company, organized under the laws of the State of Delaware, with its principal place of business located at 5508 Lonas Drive, Knoxville, TN 37909, and may be served through its appointed registered agent C T Corporation System, 120 South Central Avenue, Clayton Missouri, 63105.

–1–

3. That at all times relevant to the facts and circumstances set forth herein Defendant Pilot was the employer, or otherwise directed and controlled Dustin Mansell, and/or Dustin Mansell was an agent, or servant of Defendant Pilot and/or Dustin Mansell was acting in the course and scope of his employment with Defendant Pilot or was otherwise acting for said Defendant's benefit.

### VENUE AND JURISDICTION:

4. That venue in the instant cause is proper in the State of Missouri. This Court has proper venue pursuant to 28 U.S.C. 1391(b)(1)&(2).

5. Complete diversity of citizenship exists between Plaintiff and all Defendant, including their members, under 28 U.S.C §1332, and thus, this Court has subject matter jurisdiction over this cause.

6. That this Court has jurisdiction over Defendant Pilot Travel Centers, LLC., pursuant to 506.500 R.S. Mo., in that Defendant committed a tortious act within the state of Missouri and also transacts business in this State, jurisdiction over Defendant comport with the due process requirements of the Missouri and the United States Constitutions.

7. That Defendant conducts business in this State and has purposefully established minimum contacts within the State of Missouri in such manner and fashion as the exercise of personal jurisdiction over said Defendant comports with requirements of due process under the United States and Missouri Constitutions

### ALLEGATIONS COMMON TO ALL COUNTS:

8. That on or about September 26, 2018, Dustin Mansell, an employee Defendant Pilot was the driver of a 2017 Ford 300 Series (which was registered to Defendant Pilot Travel Centers LLC), traveling on the south side of the entrance to the Pilot parking lot, where Plaintiff Leonard

–2–

McGee was driving his motorcycle, and turning into the Pilot Travel Centers LLC, (Pilot Travel Center #443) parking lot located at 6676 13 Highway Higginsville, Missouri.

9. At the time of the accident, Plaintiff Leonard McGee was driving his 2002 Honda motorcycle southbound on 13 Highway as he turned into the Pilot station parking lot.

10. At all times herein relevant, Dustin Mansell was acting within the course and scope of his employment with Defendant Pilot Travel Centers LLC.

## COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT PILOT TRAVEL CENTERS-RESPONDEAT SUPERIOR/AGENCY

11. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 10 above as if fully stated herein.

12. That Defendant Pilot Travel Centers, LLC., as the employer of Dustin Mansell, is responsible for the actions of its employee, Dustin Mansell, based on a master servant relationship or the doctrine of respondeat superior and/or agency.

13. That on or about September 26, 2018, Plaintiff Leonard McGee was driving a 2002 Honda motorcycle southbound on Highway 13, when a truck owned by Defendant Pilot Travel Centers, and driven by Defendant Pilot's employee Dustin Mansell, struck Plaintiff Leonard McGee's vehicle and drove on top of Plaintiff.

14. That the above-referenced vehicular collision was caused in whole or in part by the negligence of Dustin Mansell who was acting in his capacity as an employee and/or agent for Defendant Pilot Travel Centers, LLC., in failing to use the highest degree of care in the operation of the Pilot Travel Centers, LLC vehicle, including but not limited to the following:

    (a) Defendant failed to keep a careful lookout; or

    (b) Defendant was traveling on the wrong side of the road; or

(c) Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have sounded a warning, or slackened speed and swerved, or stopped but Defendant failed to do so.

15. That as a direct and proximate result of the negligence of Dustin Mansell, who was acting in the course and scope of his employment, Plaintiff Leonard McGee has been caused to experience and incur physical injury to his ribs, chest, back, neck, hip and abdomen, including spinal fractures, as well as medical expenses, loss of enjoyment of life, lost wages, permanent disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

16. That as a further and direct and proximate result of the negligence of Defendant Pilot Travel Centers, LLC., as set forth above, Plaintiff Leonard McGee sustained lost wages and medical bills, and is reasonably certain to suffer in the future loss of wages and incur future medical expenses.

WHEREFORE, Plaintiffs pray for judgment on Count I of this Complaint against Defendant Pilot Travel Centers, LLC., in an amount that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described collision, an amount in excess of $75,000.00, punitive and exemplary damages, and for all other further relief the Court deems just and proper.

### COUNT II - NEGLIGENT ENTRUSTMENT AND SELECTION CLAIM AGAINST DEFENDANT PILOT TRAVEL CENTERS, LLC

17. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 16 above as if fully stated herein.

18. That at and prior to the collision referred to above, Defendant Pilot Travel Centers,

–4–

Case 4:22-cv-00098-BP   Document 1   Filed 02/17/22   Page 4 of 8

LLC., was the owner of the 2017 Ford 300 series being driven by Dustin Mansell.

19. That prior to the collision at issue Defendant Pilot selected and thereafter provided for the use of Dustin Mansell a 2017 Ford 300 series tractor unit which such unit failed to have necessary safety features installed on it, given the nature of the environments and tasks requested of Dustin Mansell in the course and scope of his job duties with Defendant Pilot.

20. That the nature of Defendant Pilot's business model requires drivers such as Dustin Mansell to make multiple daily deliveries in high congested and non-lane regulated travel center environments.

21. That *Forward Collision Avoidance Mitigation* (FCAM), systems include features of forward collision warning, enhanced collision mitigation breaking, alert prioritization, stationary object alerts, and blind spot detection.

22. That a primary function and job responsibility of Dustin Mansell was to deliver fuel to Pilot Travel Centers, in environments with heavy vehicle and pedestrian traffic.

23. That despite the daily use of the 2017 Ford 300 series tractor in such high-risk environments Defendant Pilot failed to equip and/or order and/or spec. the vehicle with a FCAM system that would have both provided audible warnings to Dustin Mansell of the presence of Plaintiff vehicle, but also stopped the tractor prior to striking Plaintiff.

24. That at the time Defendant Pilot acquired and at the time the Ford 300 series tractor was provided to Dustin Mansell the high foreseeability of such collisions in congested and unregulated traffic environments of a "travel center" made use of a FCAM system both reasonable and necessary for safe operation of the vehicle.

25. That at the time Defendant Pilot acquired the Ford 300 and at the time Defendant

–5–

Pilot provided the vehicle to Dustin Mansell, Defendant was aware of the availability and appropriateness of equipping its fuel delivery vehicles with FCAM systems yet failed to do so.

26. That given the State of the Art of such systems, and the known environments in which the Ford 300 was to operate on a daily basis, Defendant Pilot exhibited reckless disregard for the safety of Pedestrian, motorcycles, and other vehicles which would be encountered during fuel deliveries.

27. That Defendant Pilot failed to use reasonable care in the selection and entrustment of equipment to Dustin Mansell and was thereby negligent.

28. That such FCAM increase the acquisition costs of tractors such as the Ford 300 at issue, but nevertheless provide a high degree of safety for low speed, parking lot collisions such as the one at issue, particularly for pedestrians and motorcycles that have a lower profile of visibility to a driver.

29. That Defendant Pilot Travel Centers, LLC caused or knowingly permitted Dustin Mansell to drive their vehicle, and/or gave or furnished the vehicle to Dustin Mansell without necessary safety features.

30. That at the time Defendant Pilot Travel Centers, LLC furnished Dustin Mansell with the vehicle, Defendant Pilot Travel Centers, LLC knew or should have known that the vehicle, lacking a forward crash avoidance system created an unreasonable risk of injury to pedestrians and motorcyclists in the travel center environment, and therefore should not have been selected or entrusted with to Dustin Mansell for use and operation.

31. That the failure of Defendant Pilot to equip the Ford 300 with a forward crash avoidance system exhibited willful, reckless and wonton disregard for the rights and safety of those

customers of Travel Centers likely to come into proximity with the tractor, including but not limited to Plaintiff McGee.

32. That as a direct and proximate result of the negligence of Defendant Pilot Travel Centers, LLC., in negligently entrusting their vehicle to Dustin Mansell in violation of common law, Plaintiff Leonard McGee has been caused to experience and incur physical injury to his ribs, chest, back, neck, hip and abdomen, including spinal fractures, as well as medical expenses, loss of enjoyment of life, lost wages, permanent disabilities, disfigurement, pain and suffering, and mental anguish, all in the past, and is reasonably likely to incur additional such damages in the future.

WHEREFORE, Plaintiff pray for judgment on Count II of this Complaint against Defendant Pilot Travel Centers, LLC., in an amount that is fair and reasonable to compensate him for the significant and substantial damages arising out of the above-described collision, an amount in excess of $75,000.00, punitive and exemplary damages to punish Defendant Pilot and to deter other similar entities from such willful and reckless conduct, and for all other further relief the Court deems just and proper together with his costs incurred in this cause.

## Demand for Trial

COMES NOW Plaintiffs and pursuant to F.R.C.P. 38 requests a trial by jury on all issues so triable.

Respectfully submitted,

EDELMAN & THOMPSON, L.L.C.

By: /s/ Elizabeth L VanErem

Elizabeth Van Erem  MO #68812
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
Phone: (816) 561-3400
Facsimile: (816) 561-1664
evanerem@etkclaw.com

ATTORNEYS FOR PLAINTIFF